ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
JENNIFER A. TAYLOR
Nevada Bar No. 6141
E-Mail: Jennifer.A.Taylor@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*USAA Casualty Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JULIA MARTINEZ, an individual, | CASE NO.: 2:24-cv-01290-GMN-BNW |
| Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| vs. | **[SECOND REQUEST]** |
| USAA CASUALTY INSURANCE COMPANY, a foreign insurance company; DOES I through X; ROE ENTITIES I through X, | |
| Defendants. | |

Pursuant to LR 6-1 and LR 26-4, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case by ninety (90) days, up to and including Monday, August 4, 2025. In addition, the parties request that all other future deadlines contemplated by the Discovery Plan and Scheduling Order be extended pursuant to Local Rule. In support of this Stipulation and Request, the parties state as follows:

    1.    On June 7, 2024, Plaintiff filed his Complaint in the District Court, Clark County, Nevada.

    2.    On July 17, 2024, Defendant removed the case to the United States District Court.

    3.    On July 24, 2024, Defendant filed its Answer to Complaint.

153289467.1

4. On September 6, 2024 the parties conducted an initial FRCP 26(f) conference

5. On September 9, 2024, the Court entered the Stipulated Discovery Order.

6. On September 10, 2024, Defendant served its FRCP 26 Initial Disclosures on Defendant.

7. On September 18, 2024, Plaintiff served her FRCP 26 Initial Disclosures on Plaintiff.

8. On October 1, 2024, Defendant served Subpoenas to Plaintiff's medical providers.

9. On October 2, 2024, Plaintiff served written discovery on Defendant. Defendant served its responses on November 22, 2024.

10. On December 9, 2024, Plaintiff served a meet and confer letter regarding certain of the defendant's responses. The parties discussed the meet and confer letter via a phone call shortly before Defendant's lead trial counsel started a three week trial and was already mired in pre-trial preparation for the same.

10. On December 16, 2024, Defendant served written discovery on Plaintiff. Plaintiff served her responses on February 3, 2025.

## **DISCOVERY REMAINING**

1. The parties will continue participating in written discovery.

2. Defendant will take the deposition of Plaintiff.

3. Plaintiff will depose Defendant's FRCP 30(b)(6) designee

4. Plaintiff may depose individual adjuster, supervisor, and/or manager employees of Defendant

3. Defendant will gather records/documents pertinent to Plaintiff's claim.

4. The parties may take the depositions of any and all other witnesses garnered through discovery.

5. The parties will retain and disclose initial and rebuttal experts.

6. The parties will depose the respective expert witnesses.

## **WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. A standard of "good cause" governs. D. Nev. Local Rule 26-3. Good cause



"primarily considers the diligence" of the parties seeking the extension.[1]  "Motions for extension must include a statement specifying the discovery completed, a description of discovery remaining, the reasons why the deadline was not satisfied, and a proposed schedule for completing remaining discovery."[2]  In addition, requests made after the expiration of the subject deadline must also demonstrate that the failure to act was the result of excusable neglect.  Dev. Nev. Local Rule 26-3.  "[D]istrict Courts…retain broad discretion to control their dockets…."[3]

The parties have been diligent in moving the case forward: participating in a reasonable amount of discovery, including exchanging their initial lists of witnesses and documents; propounding written discovery requests and preparing responses thereto; records procurement; and preparing for Plaintiff's and State Farm's representatives depositions.

Defendant was planning to conduct the deposition of Plaintiff at the end of January 2025, however, discovery that was planned to be conducted in January needed to be rescheduled.  This was because Defendant's lead trial counsel was preparing for and participated in a three-week jury trial in case *Timothy Kuhn v. USAA* (case number: A-20-821602-C), which commenced before the Honorable Judge Gloria Sturman on January 28, 2025.  Additionally, Defendant has requested medical and billing records from Plaintiff's medical providers, and is still waiting to receive Plaintiff's medical and billing records from one of Plaintiff's medical providers.

Moreover, the meet and confer efforts regarding Defendant's responses to written discovery have not been able to move forward for the same reasons, with counsel for the parties unable to conclude their meet and confer efforts before there is any reasonable potential for a discovery motion. The parties are working diligently to avoid such a motion, and expect that it will be resolved soon.  Yet the resolution of the same precluded Plaintiff from setting the depositions of Defendant employee witnesses during this timeframe.

---

[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the parties seeking the extension.") (internal quotations omitted).
[2] *Hampton v. Nevada*, No. 2:20-cv-00578-APG-DJA, 2021 WL 3573640, at *2 (D. Nev. July 29, 2021).
[3] *Shahrokhi v. Harter*, No. 2:21-cv-01126-RFB-NJK, 2021 U.S. Dist. LEXIS 247936, at *4 (D.Nev. Dec. 30, 2021).

1   The parties are also continuing their good faith discussions to resolve this matter short of trial. Pushing out all deadlines, particularly the expensive retention of experts by both sides, would foster such settlement discussions and make them more likely to be fruitful in disposing of this matter in its entirety.

The parties submit that good cause and excusable neglect exist for an additional extension of the discovery deadlines.

Additionally, pursuant to Local Rule 26-4, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery.

<u>Extension or Modification of The Discovery Plan and Scheduling Order</u>. LR 26-4 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-4.

This stipulation is not made more than twenty-one (21) days before the expiration of any deadlines. Additionally, good cause exists for extending discovery as the parties have timely submitted their request and have acted in good faith in attempting to comply with the discovery deadlines. Further, the parties have not purposefully procrastinated or caused undue delay but continue to diligently pursue discovery in this matter. Various discovery remains to be completed and additional time is respectfully requested in order for the parties to be able to complete this discovery, as outlined above. The parties are working together to conduct the deposition of Plaintiff.

For the reasons set forth above, the parties respectfully submit that good cause and excusable neglect supports their requested supplemental stipulation for a ninety (90) day extension of the below discovery deadlines. This brief delay will not impede this matter, and in fact, will assist by allowing the parties to engage in a resolution process through mediation before conducting additional discovery, and filing dispositive motions in this matter.

This is the Second request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute compelling reasons for the short extension.

153289467.1                                    4

**CURRENT AND PROPOSED DISCOVERY DEADLINES**

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | *Monday, May 5, 2025* | *Monday, August 4, 2025* |
| Deadline to Amend Pleadings or Add Parties | *Closed* | *Closed* |
| Expert Disclosure pursuant to FRCP26(a)(2) | *Friday, March 7, 2025* | *Thursday, June 5, 2025* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *Monday, April 7, 2025* | *Monday, July 7, 2025* |
| Dispositive Motions | *Wednesday, June 4, 2025* | *Tuesday, September 2, 2025* |
| Joint Pretrial Order | *Friday, July 4, 2024* | *Thursday, October 2, 2025* |

WHEREFORE, the parties respectfully request that this Court extend the discovery period by ninety (90) days from the current deadline of May 5, 2025, up to and including Monday, August 4, 2025, and the other dates as outlined in accordance with the table above.

Dated this 25th day of February, 2025

THE BIG GUNS INJURY ATTORNEYS

 /s/ Benjamin J. Carman
BENJAMIN J. CARMAN
Nevada Bar No. 12565
4045 Spencer Street, Suite A52
Las Vegas, NV 89119
*Attorney for Plaintiff*

Dated this 25th day of February, 2025

LEWIS BRISBOIS BISGAARD & SMITH LLP

 /s/ Jennifer A. Taylor
ROBERT W. FREEMAN
Nevada Bar No. 3062
JENNIFER A. TAYLOR
Nevada Bar No. 6141
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*USAA Casualty Insurance Company*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 26, 2025